UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CAROLYN DYKES, individually and on behalf of all others similarly situated, ) ) ) ) ) Plaintiff, ) ) v. ) ) GATESTONE & CO. INTERNATIONAL INC., ) ) Defendant. ) ) | Case Number: 18-CV-154-LO-MSN |

Memorandum in Support of Plaintiff's Motion for Class Certification and
Preliminary Approval of Class Action Settlement

Plaintiff, Carolyn Dykes ("Plaintiff" or "Dykes"), through counsel and under Fed. R. Civ. P. 23, moves this Court for class certification and preliminary approval of the proposed class action settlement in this matter. The history of this case and the settlement is as follows:

On February 12, 2018, Plaintiff filed a class action lawsuit (the "Lawsuit"), asserting class claims against Gatestone & Co. International Inc. ("Gatestone") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. (Dkt. 1.) Specifically, Plaintiff alleged Gatestone violated the FDCPA by sending her – and other consumers in Virginia – a collection letter regarding allegedly defaulted student loans, which required disputes to be made in writing and implied that consumers could not initiate administrative review hearings of student loans resulting from allegedly fraudulent actions of the school attended. Id. Gatestone denies these allegations.

Shortly thereafter, the parties entered into lengthy settlement discussions, which resulted in a settlement that has been memorialized in a Class Action Settlement Agreement (the "Agreement"), attached as <u>Exhibit 1</u>.

Under Fed. R. Civ. P. 23(e), Plaintiff – with Defendant's consent – now seeks class certification and preliminary approval of the proposed class action settlement. Specifically, Plaintiff requests that the Court certify the following proposed class:

> All consumers in the Commonwealth of Virginia to whom Gatestone & Co. International Inc. mailed a letter in a form materially identical or substantially similar to the letter sent to the Plaintiff, as attached to the Complaint as <u>Exhibit A</u>, from February 27, 2017 to August 30, 2018, and which was not returned by the postal service as undeliverable.

Gatestone represents that there approximately 212 individuals fit this class definition.

The letter that forms the basis of this case is the letter sent by Gatestone to Plaintiff, a copy of which is attached as <u>Exhibit A</u> to the Complaint. It is Plaintiff's contention that Gatestone violated the FDCPA by sending this form of letter. Gatestone denies having violated the FDCPA.

Nevertheless, the parties have reached a settlement. Therefore, Plaintiff requests that this Court preliminarily approve the proposed Agreement by entering the Preliminary Approval Order attached to the Agreement as <u>Exhibit A</u>.

Supporting Memorandum of Law

The Plaintiff submits the following memorandum in support of his motion for preliminary approval of class action settlement.

A.  Proposed Settlement.

The Agreement is attached hereto as <u>Exhibit 1</u>. The significant terms of the proposed settlement are as follows:

1.  Certification of a Fed. R. Civ. P. 23(b)(3) Class.

As stated above, the Parties seek to define the Class as follows:

> All consumers in the Commonwealth of Virginia to whom Gatestone & Co. International Inc. mailed a letter in a form materially identical or substantially similar to the letter sent to the Plaintiff, as attached to the Complaint as <u>Exhibit A</u>, from February 27, 2017 to August 30, 2018, and which was not returned by the postal service as undeliverable.

(the "Class Members"). Ex. 1, Agreement at ¶ 1.C. Gatestone represents there are approximately 212 Class Members.

2.  Class Representative and Class Counsel Appointment.

Plaintiff requests that the Court appoint Plaintiff as the class representative ("Class Representative" or "Plaintiff"), and Thomas R. Breeden of THOMAS R. BREEDEN, P.C., and Brian L. Bromberg of BROMBERG LAW OFFICE, P.C. as class counsel ("Class Counsel"). Plaintiff's qualifications and willingness to represent the class is reflected in her declaration, which accompanies this filing. The qualifications of Plaintiff's attorneys to represent the class are set forth at length in declarations that accompany this motion.

3.  Notification Process.

Under Fed. R. Civ. P. 23(c)(2)(B), the Parties are required to provide notice of the settlement to the Class Members and allow the Class Members the opportunity to exclude themselves from the settlement. The Parties, therefore, propose the following notification process.

The class action administrator shall, as expeditiously as possible, but not to exceed 30 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), send by U.S. mail a written notice of the proposed class action settlement to each Class Member. The proposed Notice of Class Action Settlement is attached to the Agreement as <u>Exhibit C</u>. Before sending the written notice, the class action administrator shall confirm and, if necessary, update the addresses for the Class Members through the standard methodology the administrator currently uses to update addresses. Gatestone's obligation to provide notice of the proposed settlement will be considered fulfilled upon the mailing of the written notices, regardless of whether any notice is returned as undelivered or for any other reason, except that Gatestone will forward any notices that are returned with a forwarding address, and update the Class Member address list with all forwarding addresses. Id. at ¶ 1.

4.   Entry of Appearance, Exclusions and Objections.

Fed. R. Civ. P. 23(c)(2)(B) also requires the Class Members have an opportunity to enter an appearance, object to, or exclude themselves from a (b)(3) settlement. Accordingly, the Parties propose any Class Member who desires to be excluded from the class must send a written request for exclusion to the class administrator with a postmark date no later than 60 days after the date of entry of

4

the Order of Preliminary Approval of the Class Action Settlement. Id. at ¶s 10-16. The Class Member must set forth the name and number of this case, his or her full name, address, telephone number, and email address (if available), along with a statement that he or she wishes to be excluded. Id. at ¶ 12. The administrator shall provide a list of the names of each Class Member who submitted a timely exclusion to Class Counsel after the deadline passes, and the parties shall include a copy of the list along with the Motion for Final Approval of Class Action Settlement. Any Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of this Agreement. Id. at ¶ 13.

Under Fed. R. Civ. P. 23(e)(5), the Class Members must also have the opportunity to object to the proposed settlement. Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 60 days after the date of entry of the Order of Preliminary Approval of the Class Action Settlement, and provide a copy to Class Counsel and counsel for Gatestone. Id. at ¶ 15. In the written objection, the Class Member must state: the name and number of this case, his or her full name, address, telephone number, and email address (if available); the reasons for his or her objection; and, whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel. Id. Any Class Member who does not file a valid and timely objection to the settlement shall be barred from seeking review of the settlement by appeal or otherwise. Id. at ¶ 16. Under Rule 23(c)(2)(B)(iv) of the Federal Rules of Civil Procedure, the class members shall be notified that they may enter an appearance through an attorney at their own expense if the member so desires.

5

5.    Settlement Consideration.

The proposed settlement is a Rule 23(b)(3) settlement, and, therefore, the settlement consideration is as follows:

   a.    Class Representative Incentive Payment.

Gatestone shall pay Plaintiff $4,000 in recognition of her services as the Class Representative and for his individual settlement. Id. at ¶ 21.A.

   b.    Class Monetary Relief.

Gatestone will establish a $37,100 Settlement Fund. Id. at ¶ 21.B. Within 30 business days after Final Judgment Day, as defined in ¶ 1.B. of the Class Action Settlement Agreement, the class action administrator shall send via U.S. mail a $175 settlement check to each Class Member (1) who does not exclude himself or herself from the class, and (2) whose class notice is not returned undeliverable without a forwarding address. Id. at ¶ 21.B. Gatestone's obligations per this paragraph will be considered fulfilled upon the mailing of the settlement checks, regardless of whether any settlement check is received, returned, or cashed, except that Gatestone will be obligated to take reasonable steps to forward any settlement checks returned with a forwarding address to such forwarding addresses. Id. Each settlement check will be negotiable for a minimum of 60 days after it is mailed. Id.

   c.    Cy Pres Award.

Any funds from settlement checks un-cashed (i.e., checks not cashed 60 days after the check date) or other undistributed funds shall be awarded the Northern Virginia Pro Bono Law Center, subject to the Court's approval. Id. at ¶ 21.C. The cy pres award shall be made no later than 120 days after Final Judgment Day. Id.

6

     d.  Attorneys' Fees, Costs, and Expenses.

  Gatestone has agreed to pay, subject to the Court's approval, an amount not to exceed $25,000, representing reasonable attorneys' fees, costs, and expenses in this matter. Id. at ¶s 25-27. The award of fees, costs, and expenses to Class Counsel shall be in addition to, and shall not in any way reduce, the settlement amounts to be provided to the Class Members. Id.

  The Parties and their counsel represent and agree that the consideration to be provided to the Class Members is not contingent on the attorneys' fees to be awarded. Id. The amount of attorneys' fees, expenses and costs are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement. Id.

  Gatestone shall be responsible for all costs and expenses of sending notice and distributing checks to the class members and the cost of administration. Id.

B.  The Proposed Settlement Satisfies the Requirements of Fed. R. Civ. P. 23.

  "The class-action device was designed as 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" Gen. Tel. Co. of SW. v. Falcon, 457 U.S. 147, 155 (1982) (quoting Califano v. Yamasaki, 442 U.S. 682, 700-01 (1979)). "Class relief is 'peculiarly appropriate' when the 'issues involved are common to the class as a whole' and when they 'turn on questions of law applicable in the same manner to each member of the class.'" Id. "For in such cases, 'the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23.'" Id. (changes in original).

"There is a strong judicial policy in favor of settlement, in order to conserve scarce resources that would otherwise be devoted to protracted litigation." Covarrubias v. Capt. Charlie's Seafood, Inc., 2011 WL 2690531, *2 (E.D. N.C. July 6, 2011) (quoting Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984)). Proposed settlements must, nevertheless, satisfy the requirements of Rule 23. See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 592 (1997).

    1.    The Fed. R. Civ. P. 23(a) Requirements are Satisfied.

"In order to obtain class certification, [the Parties] first must satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation specified in Rule 23(a)." Murray v. Auslander, 244 F.3d 807, 810 (11th Cir. 2001). The Parties must show: "(1) the class is so numerous that joinder of all members is impracticable [i.e., numerosity]; (2) there are questions of law or fact common to the class [i.e., commonality]; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class [i.e., typicality]; and (4) the representative parties will fairly and adequately protect the interests of the class [i.e., adequacy of representation.]" Fed. R. Civ. P. 23(a).

Here, as stated above, the class meets the Rule 23(a) requirements. Numerosity is satisfied as the Parties identified 9,360 Class Members who received a letter the same or substantially similar to the letter at issue, easily satisfying the Fourth Circuit presumption. See Equal Empl. Opp. Comm. v. Printing Indst. Of Metro. Washington, D.C., Inc., 92 F.R.D. 51, 53 (D. D.C. 1981).

The class satisfies the commonality and typicality requirements because Plaintiff's claims and the claims of the class are legally and factually identical, and

8

Plaintiff's interests are aligned with the interests of the class. Plaintiff's and the Class Members' claims stem from language in Gatestone's collection letters.

Finally, Plaintiff has no interest antagonistic to the Class Members. Plaintiff's claims are identical to the Class Members' claims and there is no potential for conflicting interests in this action.

    2.    The Fed. R. Civ. P. 23(b)(3) Requirements Are Satisfied.

"In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)." Amchem Prods., Inc., 521 U.S. at 614. To qualify for certification under Rule 23(b)(3), a class must meet two requirements beyond the Rule 23(a) prerequisites: "Common questions must 'predominate over any questions affecting only individual members'; and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" Amchem, 521 U.S. at 615.

Again, the class satisfies the predominance and superiority requirements. Class-wide claims predominate over any individual claims and the class action procedure is the appropriate and superior method to resolve the case. Plaintiff's and the putative class members' claims are identical, and all issues are subject to the same proof. Proof of the class claims will leave nothing for Plaintiff to prove individually.

3. Notice and Exclusions.

Rule 23(c)(2)(B) further provides that any member of a (b)(3) class may request exclusion, and that the "court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort[.]" Fed. R. Civ. P. 23(c)(1)(B) (emphasis added). "Notice of a proposed class action settlement is adequate when it is the best notice practicable, reasonably calculated, under the circumstances, to reach absent class members." Elkins v. Equitable Life Ins. of Iowa, 1998 WL 133741, *2 (M.D. Fla. Jan. 27, 1998).

Here, the Parties propose sending individual notice to each of the Class Members. Individual notice is the best notice practicable. Each Class Member will receive actual notice of the settlement and an opportunity to exclude himself or herself from the settlement.

4. The Fed. R. Civ. P. 23(e) Requirements Are Satisfied.

Although pretrial settlement of class actions is favored, "Rule 23(e) provides that 'a class action shall not be dismissed without the approval of the court." In re Jiffy Lube Sec. Litig., 927 F.2d 155, 158 (4th Cir. 1991) (citations omitted). "To this end, 'the role of the Court reviewing the proposed settlement of a class action under Fed.R.Civ.P. 23(e) is to assure that the procedures followed meet the requirements of the Rule and . . . to examine the settlement for fairness and adequacy.'" In re MicroStrategy, Inc. Sec. Litig., 148 F.Supp.2d 654, 663 (E.D. Va. 2001). "However, 'there is a strong initial presumption that the compromise is fair and reasonable.'"

10

Id. "[T]he Fourth Circuit adopted a bifurcated analysis, separating the inquiry into a settlement's 'fairness' from the inquiry into a settlement's 'adequacy.'" Id.

      a.    The Proposed Settlement is Fair.

To determine whether the settlement is fair and was reached in good faith at arm's length, the Court must consider: "(1) the posture of the case at the time settlement was proposed, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the negotiations, and (4) the experience of counsel in the area of securities class action litigation." Jiffy Lube Sec. Litig., 921 F.2d at 159.

Here, when applied, all four factors indicate the settlement is fair. The settlement was reached after the parties engaged in informal discovery. Most importantly, however, the settlement was reached at arm's-length after lengthy settlement discussions and negotiations. The only reason the case settled this early is that both parties are represented by experienced FDCPA counsel. If successful, under 15 U.S.C. § 1692k, the class members' recovery is limited to the lesser of 1% of Gatestone's net worth, or $500,000. The Parties exchanged discovery regarding Gatestone's net worth, and although the number is confidential, agree the maximum class recovery would be limited. Under the settlement, the putative class members are recovering approximately a considerable sum for a statutory-damage-only case. Class Counsel are "seasoned attorneys" and have determined settlement by way of this Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class Members.

      b.    The Settlement is Adequate.

To determine whether the proposed settlement is adequate, the Court must consider: "(1) the relative strength of the plaintiffs' case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement." Jiffy Lube Sec. Litig., 921 F.2d at 159.

While the fifth factor is premature, all other factors weigh in favor of finding the settlement adequate. Gatestone has raised several defenses on the merits and the Court has not yet certified the class. Further, a trial in this case would be expensive and lengthy and may deplete Gatestone's resources to pay any judgment. This pre-trial settlement will save significant fees and costs to each side. Considering the potential risks and expenses associated with continued prosecution of the lawsuit, the uncertainties of trial, the probability of appeals, the certainty of delay and the ultimate uncertainty of recovery through continued litigation, the proposed settlement is fair, reasonable, and adequate.

### III. Conclusion

WHEREFORE, for the reasons set forth above, and under Fed. R. Civ. P. 23(b)(3) and (e), the Parties respectfully request that the Court approve the proposed settlement by entering the attached Preliminary Approval Order, <u>Exhibit A</u> to the Class Action Settlement Agreement, and for such other relief as this Court deems proper.

Dated: October 5, 2018

Respectfully submitted,
CAROLYN DYKES, Individually
And On Behalf of The Class

/s/ Thomas R. Breeden
Thomas R. Breeden.
(VSB No. 33410)
trb@tbreedenlaw.com
THOMAS R. BREEDEN, P.C.
10326 Lomond Drive
Manassas, Virginia 20109
Telephone: (703) 361-9277
Facsimile: (703) 257-2259

Brian L. Bromberg
(Admitted Pro Hac Vice)
brian@bromberglawoffice.com
BROMBERG LAW OFFICE, P.C.
26 Broadway, 21st Floor
New York, NY 10004
Telephone: (212) 248-7906
Facsimile: (212) 248-7908

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on the 5th day of October, 2018 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Francis J. Prior, Esquire
Siciliano, Ellis, Dyer & Boccarosse, PLC
10521 Judicial Dr, Suite 120
Fairfax, Virginia 22030
fprior@sedblaw.com
Tel (703) 385-6697

Harijot S. Khalsa, Esq.
Sessions, Fishman, Nathan & Israel, LLP
1545 Hotel Circle South, Suite 150
Sand Diego, California 92108-3426
hskhalsa@session.legal
Tel (657) 445-6089, Fax (619) 296-2013

*Counsel for Defendant*

                                                   /s/_____
                                       Thomas R. Breeden, Esquire
                                       (VSB #33410)
                                       THOMAS R. BREEDEN, P.C.
                                       10326 Lomond Drive
                                       Manassas, Virginia 20109
                                       (703) 361-9277 Telephone
                                       (703) 257-2259 Facsimile
                                       trb@tbreedenlaw.com
                                       *Counsel for Plaintiff*