UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

CAROLYN DYKES, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

    Case No. 1:18-cv-00154-LO-MSN

GATESTONE & CO. INTERNATIONAL INC,

    Defendant.

_____/

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), dated September 21, 2018, is entered into between Carolyn Dykes (hereinafter referred to as "Plaintiff" or "Class Representative"), individually and on behalf of the "Class Members" (as defined below), and defendant, Gatestone & Co. International Inc. (hereinafter referred to as "Gatestone"). This Agreement is intended by Gatestone and Plaintiff, on behalf of herself and the Class Members (hereinafter collectively referred to as the "Parties"), to fully, finally, and forever resolve, discharge, and settle the "Released Claims" (as defined below) in favor of the "Released Parties" (as defined below), upon and subject to the terms and conditions contained herein.

### WITNESSETH:

WHEREAS, on February 12, 2018, Plaintiff filed a class action complaint in the Eastern District of Virginia (hereinafter referred to as the "Lawsuit"), asserting claims against Gatestone under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

(hereinafter referred to as the "FDCPA") relating to a collection letter Gatestone mailed to Plaintiff;

WHEREAS, the Parties desire and intend to settle and resolve all claims asserted in the Lawsuit;

WHEREAS, the Parties wish to avoid the expense and uncertainty of litigation;

WHEREAS, the Parties believe that settlement by way of this Agreement is in their best interest;

WHEREAS, counsel for the Class Members has conducted an evaluation of the claims to determine how best to serve the interests of the Class Members;

WHEREAS, counsel for the Class Members believe, in view of the costs, risks, and delays of continued litigation and appeals balanced against the benefits of settlement to the Class Members, that the class settlement as provided in this Agreement is in the best interest of the Class Members and is a fair, reasonable, and adequate resolution of the Lawsuit;

WHEREAS, prior to entering into this Agreement, counsel for the Parties engaged in extensive arms-length negotiations and discovery;

WHEREAS, the Parties desire and intend to seek Court approval of the settlement of the Lawsuit as set forth in this Agreement and, upon court approval, to seek a Final Order and Judgment from the Court, as set forth herein;

WHEREAS, the Parties and their counsel agree to recommend approval of this Agreement to the Court and to any regulatory authority responding to the proposed

settlement per the Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA"), Pub. L. No. 109-2, 119 Stat. 4;

WHEREAS, the Parties agree to undertake all steps necessary to effectuate the terms and purposes of this Agreement, to secure the Court's approval of same, and to oppose improper objections to the proposed settlement, including improper objections by any regulatory authority after the CAFA notices are issued, and to oppose any appeals from any orders of final approval.

WHEREFORE, in consideration of the promises, representations, and warranties set forth, the Parties stipulate and agree:

1. DEFINITIONS – The following definitions shall apply to this Agreement:

   A. "Effective Date" shall mean the first date after "Final Judgment Day" (as defined below) and after Gatestone fulfills its obligations required under ¶ 21 of this Agreement.

   B. "Final Judgment Day" shall mean the day upon which the Final Order and Judgment becomes "Final." The Final Order and Judgment shall become "Final" upon the expiration of any available appeal period following entry of the Final Order and Judgment. If any appeal from the Final Order and Judgment is filed, then Final Judgment Day shall be the first date after the conclusion of all appeals, so long as the Final Order and Judgment is not reversed or vacated.

   C. "Class Members" shall mean all consumers residing in the Commonwealth of Virginia to whom Gatestone & Co. International Inc. mailed a letter in the form

3

attached to the Complaint as Exhibit A, from February 12, 2017 to August 30, 2018. Gatestone represents that there are approximately 212 Class Members.

D. "Released Claims" shall mean any and all claims, causes of action suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law (including the FDCPA), state law, common law, territorial law, or foreign law right of action or of any other type or form (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), which Plaintiff or any Class Member has arising out of, based upon, or in any way relating to the class claims asserted in the Lawsuit, limited to:

    i. Claims arising out of any of the facts, events, occurrences, acts or omissions complained of in the Lawsuit or other related matters that were or could have been brought against the "Released Parties" (as defined below), relating to the letters at issue in the Lawsuit;

    ii. Claims arising out of the prosecution or defense of the Lawsuit, including, but not limited to, claims related to the execution of this Agreement, such as claims of fraud in the inducement, negligent misrepresentation, or fraud, except that nothing herein releases any claim arising out of the violation or breach of this Agreement; and

    iii. Claims arising out of or related to the notice of this settlement.

    iv. Released Claims shall not include any claims the class members may have under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

Furthermore, nothing contained herein shall impair or limit any right or cause of action by the class members to dispute the underlying debt or amount allegedly owed to Gatestone & Co. International Inc. or its clients.

E. "Unknown Claims" shall mean any and all claims Plaintiff or any Class Member does not know or even suspect to exist against any of the Released Parties, as defined below, which, if known, might have affected his or her decision regarding the settlement of the Lawsuit. Plaintiff further acknowledges, and the Class Members shall be deemed to acknowledge, that they may hereafter discover facts in addition to or different from those they now know or believe to be true concerning the subject matter of this release, but nevertheless fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may hereafter exist, or heretofore have existed based upon actions or conduct occurring on or before the date of this Agreement, without regard to subsequent discovery or existence of such different or additional facts concerning each of the Released Parties.

F. "Released Parties" shall mean Gatestone & Co. International Inc. and each of its past, present, and future directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, and any related or affiliated company, including any parent, subsidiary, predecessor, or successor company, and all assigns, licensees, divisions, clients, joint ventures, and any entities directly or indirectly involved in the Lawsuit, and all of their subsidiary entities, and any other related entity.

2. <u>CLASS CERTIFICATION</u> – Concurrent with seeking preliminary approval of the settlement, counsel for the Parties shall jointly seek certification under Fed. R. Civ. P. 23(b)(3) of the Class as defined in ¶ 1.C. above.

3. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u> – For settlement purposes, and subject to Court approval, Plaintiff is appointed as the Class Representative for the Class Members. Attorney Thomas R. Breeden of THOMAS R. BREEDEN, P.C. and attorney Brian L. Bromberg of BROMBERG LAW OFFICE, P.C., are appointed as counsel for the Class Members (hereinafter referred to as "Class Counsel").

4. <u>ORDER OF PRELIMINARY APPROVAL</u> – Within 14 days after this Agreement is fully-executed, counsel for the Parties shall jointly request that the Court enter an Order of Preliminary Approval of Class Action Settlement in substantially the form attached as **Exhibit A**.

5. <u>FINAL ORDER AND JUDGMENT</u> – If the Court preliminarily approves the settlement, and all other conditions precedent to the settlement are satisfied, counsel for the Parties shall jointly request the Court enter a Final Order and Judgment in substantially the form attached as **Exhibit B**.

6. Upon entry of the Final Order and Judgment, the Parties expressly waive any and all rights to appeal any orders issued by the Court in connection with the Lawsuit.

7. Plaintiff and Class Counsel agree that the execution of this Agreement, or any related documents, and any other act taken or court paper filed in furtherance of this Agreement shall not be used to urge that a "litigation class" pursuant to Fed. R. Civ. P. 23 is appropriate. In the event this settlement is not approved, Gatestone retains any and all

rights to object to the maintenance of this action, or any other action, as a class action and to contest this action, or any other action, on any other grounds.

8. ADMINISTRATION AND NOTIFICATION PROCESS – Gatestone shall fund fully the administration of the settlement and class notice, if necessary. Gatestone is expressly granted the right, if it so choses, to be responsible for administering the class settlement. The class action administrator shall be First Class, Inc., or another qualified administrator if First Class, Inc. is unable or unwilling to serve.

9. Gatestone, or the class action administrator shall, as expeditiously as possible, but not to exceed 30 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement, provide notice of the settlement to the Class Members as follows:

A. Written Notice – The class action administrator shall send to each Class Member via first class U.S. mail a written notice of the proposed class action settlement in substantially the form attached hereto as **Exhibit C** (to be approved by the Court).

B. Address Updating/Mail Returns – Before sending the written notice, the Gatestone or the class action administrator shall confirm and, if necessary, update the addresses for the Class Members through the standard methodology used to update addresses. Gatestone's obligation to provide notice of the proposed settlement will be considered fulfilled upon the mailing of the written notices by Gatestone or the class action administrator, regardless of whether any notice is returned as undelivered or for any other reason, except Gatestone or the class action administrator will forward any

7

notices that are returned with a forwarding address and shall update the Class Member address list with all forwarding addresses.

10. REQUESTS FOR EXCLUSION AND OBJECTIONS – Class Counsel and counsel for Gatestone shall jointly administer, or oversee the administration of, and the receipt of any and all requests for exclusion and objections from the Class Members.

11. Any Class Member who desires to be excluded from the class must send a written request for exclusion to the class administrator with a postmark date no later than 60 days after the Court's Order of Preliminary Approval of Class Action Settlement. Gatestone or the class administrator shall provide a list of the names of each Class Member who submitted a timely exclusion to counsel for Gatestone and Class Counsel after the deadline passes. A copy of this list will be filed with the Court, along with the Parties' Motion for Final Approval of Class Action Settlement.

12. In the written request for exclusion, the Class Member must set forth the name and number of this case, his or her full name, address, telephone number and email address (if available), along with a statement that he or she wishes to be excluded.

13. Any Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of this Agreement.

14. When responding to any inquiry from a Class Member, Class Representative and Class Counsel will confirm they believe the settlement is fair and reasonable.

15. Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 60 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement. Further, any such Class Member

8

must, within the same time period, provide a copy of the written objection to Class Counsel and counsel for Gatestone. In the written objection, the Class Member must state: the name and number of this case, his or her full name, address, telephone number and email address (if available); the reasons for his or her objection; and, whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel.

16. Any Class Member who does not file a valid and timely objection to the settlement shall be barred from seeking review of the settlement by appeal or otherwise.

17. Subject to the Court's calendar and approval, a fairness hearing will be conducted regarding the settlement within 125 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement.

18. ENTRY OF APPEARANCE – Pursuant to Rule 23(c)(2)(B)(iv) of the Federal Rules of Civil Procedure, the Class Members shall be notified that they may enter an appearance through an attorney at their own expense if the member so desires.

19. RELEASES – As of the Effective Date, Plaintiff and the Class Members fully, finally, and forever settle, release, and discharge the Released Parties from the Released Claims, and are forever barred from asserting any of the Released Claims in any court or forum whatsoever against the Released Parties.

20. The provisions of any state, federal, municipal, local, or territorial law or statute providing in substance that releases shall not extend to claims, demands, injuries, or damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and approved by a court are hereby expressly, knowingly, and voluntarily waived by the Parties and the Class Members.

21. <u>SETTLEMENT CONSIDERATION</u> – In consideration for the foregoing releases, the Parties agree to the following:

A. <u>Class Representative Incentive Payment and Settlement</u> – In recognition of Plaintiff's services as the Class Representative and for Plaintiff's individual settlement, including her individual FDCPA claim, within 30 days after Final Judgment Day, Gatestone shall pay Plaintiff $4,000.

B. <u>Settlement Payments</u> – Gatestone shall establish a $37,100 class settlement fund (hereinafter referred to as the "Class Settlement Fund") to pay timely claims. Within 30 business days after Final Judgment Day, Gatestone or the class action administrator shall send via U.S. mail a $175 settlement check to each Class Member (1) who does not exclude himself or herself from the class and (2) whose class notice is not returned undeliverable without a forwarding address. (If a Class Member's class notice is returned undeliverable and without a forwarding address, the Class Member will *not* receive a settlement check. Instead, the Class Member's settlement proceeds will revert back to the Settlement Fund.) Gatestone's obligations per this paragraph will be considered fulfilled upon the mailing of the settlement checks, regardless of whether any settlement check is received, returned, or cashed, *except* that Gatestone or the class action administrator will be obligated to take reasonable steps to forward all settlement checks returned with a forwarding address to such forwarding addresses. Each settlement check will be negotiable for a minimum of 60 days after it is mailed. Any portion of the Class Settlement Fund that is not distributed in $175 checks to the Class will be distributed as part of the *cy pres* award to the *cy pres* recipient(s), as described below.

C. <u>*Cy Pres* Award</u> – Funds from any returned or un-cashed settlement checks shall be paid to one or more mutually agreed upon *cy pres* recipient(s) subject to the Court's approval. The parties will propose the *cy pres* award go to the Northern Virginia Pro Bono Law Center. The *cy pres* award shall be made no later than 120 days after Final Judgment Day.

D. <u>Notice and Distribution Expense</u> – Gatestone shall be responsible for all costs and expenses of sending notice and distributing checks to the Class Members and the cost of administration.

22. <u>COVENANT NOT TO SUE</u> – Plaintiff agrees and covenants, and each Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

23. <u>TERMINATION</u> – After completing a good-faith negotiation, Plaintiff and Gatestone shall each have the right to terminate this Agreement by providing written notice to the other within 7 days of:

A. The Court's refusal to enter an Order of Preliminary Approval of Class Action Settlement in substantially the form attached as **Exhibit A**;

B. The Court's refusal to approve the settlement following notice to the Class Members and the fairness hearing; or

C. The Court's refusal to enter a Final Order and Judgment in substantially the form attached as **Exhibit B**.

24. If either Plaintiff or Gatestone terminates this Agreement as provided herein, the Agreement shall be of no force or effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed.

25. ATTORNEYS' FEES, COSTS, AND EXPENSES – Gatestone agrees Plaintiff is the prevailing party under 15 U.S.C. § 1692k, and to pay reasonable attorneys' fees and costs. The Parties and their respective counsel agree that they will negotiate in good faith in an attempt to reach an agreement regarding Class Counsel's attorneys' fees, costs, and expenses, to be submitted for Court approval. Pursuant to Rule 54(d)(2), Class Counsel will file a motion for approval of reasonable attorneys' fees, costs, and expenses for time spent and costs and expenses incurred, provided, however, notwithstanding anything to the contrary contained herein, Plaintiff and her counsel agree that they will not request attorney's fees that exceed $25,000 and Gatestone agrees that it will not object to any such request that does not exceed $25,000. The award of fees, costs, and expenses to Class Counsel shall be in addition and shall not in any way reduce the settlement amounts to be provided to the Class Members.

26. Gatestone or its insurers shall pay the attorneys' fees, costs, and expenses awarded by the Court within 30 days after the Court's order related to such fees, costs, and expenses becomes final (non-appealable). Upon payment of all approved attorneys' fees, costs, and expenses to Class Counsel, Gatestone shall have no further obligation with respect to Class Counsel's fees, costs, and expenses, or the fees, costs, or expenses of any other attorney on behalf of Plaintiff or any Class Member.

27. The Parties and their counsel represent and agree this settlement and the consideration to be provided to the Class Members is not contingent on the amount of attorneys' fees, expenses, and costs to be awarded in this matter. The amount of attorneys fees, expenses, and costs are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement, and any order or proceedings relating to the fee, cost, and expense application, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the Final Approval Order approving this Agreement and the settlement of the Lawsuit.

28. PUBLICITY – Neither Plaintiff, nor Class Counsel, will transmit a press release or initiate contact with members of the press (including television, radio, newspaper) concerning the settlement of or issues involved in this Lawsuit.

29. MISCELLANEOUS PROVISIONS – Any exhibits to this Agreement are an integral part of the settlement and are expressly incorporated herein as part of this Agreement.

30. This Agreement is for settlement purposes only. The Parties acknowledge that this Agreement is not an admission of wrongdoing, negligence, or liability by Gatestone. This Agreement shall not be offered or be admissible against Gatestone, or cited or referred to in any action or proceeding, except in an action or proceeding brought to enforce its terms.

31. No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

32. This Agreement contains the entire agreement between the Parties and supersedes any and all other agreements between the Parties, including any and all other mediation and settlement agreements. The terms of this Agreement are contractual.

33. This Agreement shall be interpreted in accordance with Virginia law.

34. Any dispute, challenge, or question relating to this Agreement shall be heard only by this Court.

35. The Parties shall request the Court retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiff and all Class Members, and over the administration and enforcement of this Agreement.

36. This Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, heirs, successors, and assigns.

37. In the event that any of the provisions of this Agreement are held invalid or unenforceable for any reason, such invalidity or unenforceability shall not affect other provisions of this Agreement if Gatestone and Plaintiff mutually elect to proceed as if the invalid or unenforceable provision had never been included in the Agreement.

38. This Agreement shall be deemed to have been drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any party because such provision, or this Agreement as a whole, was purportedly prepared or requested by such party.

39. This Agreement may be signed in counterparts. The separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed this 21st day of September 2018.

Carolyn Dykes, Plaintiff

Thomas R. Breeden, Esq.
(VSB No. 33410)
trb@tbreedenlaw.com
THOMAS R. BREEDEN, P.C.
10326 Lomond Drive
Manassas, Virginia 20109
Telephone: (703) 361-9277
Facsimile: (703) 257-2259

Brian L. Bromberg, Esq.
(Admitted Pro Hac Vice)
brian@bromberglawoffice.com
BROMBERG LAW OFFICE, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
Telephone: (212) 248-7906
Facsimile: (212) 248-7908
Admitted Pro Hac Vice

2074 Park Street, 2nd Floor
Hartford, CT 06106
Telephone: (860) 233-0338
Facsimile: (860) 233-0339

Attorneys for Plaintiff
and the Class Members

GATESTONE & CO. INTERNATIONAL INC.

By: _____
Alexander Wilson, Vice President
H Khalsa

Harijot Singh Khalsa, Esq.
(VSB No. 78682)
hkhalsa@sessions.legal
SESSIONS, FISHMAN, NATHAN, & ISRAEL, L.L.C.
1545 Hotel Circle South, Suite 150
San Diego, CA 92108-3426
Telephone: (619) 296-2018
Facsimile: (619) 296-2013

Attorneys for Defendant,
Gatestone & Co. International Inc.