IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CAROLYN DYKES, <br> individually and on behalf of <br> all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GATESTONE & CO. INTERNATIONAL INC., <br><br> Defendant. | Case Number: <br> 18-CV-154-LO-MSN |

**ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, the Court has been advised the parties to this action, Carolyn Dykes (hereinafter referred to as "Plaintiff" or "Class Representative"), and Gatestone & Co. International Inc. (hereinafter referred to as "Gatestone"), through their respective counsel, have agreed, subject to Court approval following notice to the Virginia Class Members and a hearing, to settle the above-captioned lawsuit (hereinafter referred to as the "Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which has been filed with the Court, and the Court deeming the definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

NOW, THEREFORE, based upon the Agreement and all of the files, records, and proceedings herein, and it appearing to the Court upon preliminary examination the Agreement is fair, reasonable, and adequate, and a hearing should and will be held after notice to the Virginia Class Members to confirm the Agreement and settlement are fair,

1

reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit;

    IT IS HEREBY ORDERED:

    1.    The Court has jurisdiction over the subject matter of this Lawsuit and over all settling parties hereto.

    2.    In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Gatestone served written notice of the proposed class settlement on the United States Attorney General and the Attorney General for the Commonwealth of Virginia on October 8, 2018, which were delivered on October 9, 2018.

    3.    <u>CLASS MEMBERS</u> – Under Fed. R. Civ. P. 23(b)(3), this Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Virginia Class Members") with respect to the claims asserted in the Lawsuit:

> All consumers in the Commonwealth of Virginia to whom Gatestone & Co. International Inc. mailed a letter in a form materially identical or substantially similar to the letter sent to the Plaintiff, as attached to the Complaint as <u>Exhibit A</u>, from February 27, 2017 to August 30, 2018, and which was not returned by the postal service as undeliverable.

    4.    <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u> – Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies Plaintiff, Carolyn Dykes, as the Class Representative and Thomas R. Breeden of THOMAS R. BREEDEN, P.C., AND attorney Brian L. Bromberg of the BROMBERG LAW OFFICE, P.C., as Class Counsel.

5.     PRELIMINARY CLASS CERTIFICATION – The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.     The Virginia Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.     There are questions of law and fact common to the Virginia Class Members, which predominate over any individual questions;

C.     The claims of the Plaintiff are typical of the claims of the Virginia Class Members;

D.     The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all the Virginia Class Members; and

E.     Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6.     The Court preliminarily finds the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Virginia Class Members, especially in light of the benefits to the Virginia Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the class.

7. <u>NOTICES</u> – The Court approves the form and substance of the notice of class action settlement described in ¶ 9 of the Agreement and attached to the Agreement as <u>Exhibit C</u>.  The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice.  The Court finds the proposed notice is clearly designed to advise the Virginia Class Members of their rights.  In accordance with the Agreement, the class action administrator shall cause the completed notices to be mailed to the Virginia Class Members as expeditiously as possible, but no later than 30 calendar days after the Court's entry of this order.  The class action administrator shall confirm, and if necessary, update the addresses for the Virginia Class Members through standard methodology that the class action administrator currently uses to update addresses.  Gatestone shall be responsible for all costs and expenses of sending notice and distributing checks to the Virginia Class Members and the cost of administration.

8. <u>EXCLUSIONS</u> – Any Virginia Class Member who desires to be excluded from the class must send a written request for exclusion to the class action administrator with a postmark date no later than December 31, 2018.  To be effective, the Virginia Class Member must include in the written request for exclusion the name and number of this case, his or her full name, address, telephone number and email address (if available), and a statement that he or she wishes to be excluded.  The class action administrator shall provide a list of the names of each Virginia Class Member who submitted a timely

exclusion to counsel for Gatestone and Class Counsel after the deadline passes. A copy of this list will also be filed with the Court along with the Parties' Motion for Final Approval of Class Action Settlement. Any Virginia Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of the Agreement.

      9.      ENTRY OF APPEARANCE – Any Virginia Class Member may enter an appearance if the member so desires by December 31, 2018.

      10.      OBJECTIONS – Any Virginia Class Member who intends to object to the fairness of this settlement must file a written objection with the Court, at United States District Court, Eastern District of Virginia, Alexandria Division, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, Virginia 22314, by December 31, 2018. Further, any such Virginia Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, Attention: Gatestone Settlement, Brian L. Bromberg, Esq., Bromberg Law Office, P.C., 26 Broadway, 21st Floor, New York, NY 10004, and to Gatestone's Counsel, Attention: Gatestone Settlement, James K. Schultz, Esq., Sessions, Fishman, Nathan & Israel, L.L.C., at 1545 Hotel Circle South, Suite 150, San Diego, CA 92108. To be considered, the written objection must state: the name and number of this case, the objector's full name, address, telephone number and email address (if available); the reasons for his or her objection; and, whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel. Further, the Virginia Class Member must attach to his or her objection any documents supporting the objection. Virginia Class Members who do not timely make their objections in this

manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

11. <u>FINAL APPROVAL</u> – The Court shall conduct a hearing (hereinafter referred to as the "Fairness Hearing") on February 8, 2019 at 401 Courthouse Square, Alexandria, Virginia 22314, Court Room 600, commencing at 10:00 A.M., to review and rule upon the following issues:

    A.    Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

    B.    Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Virginia Class Members and should be approved by the Court;

    C.    Whether the Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

    D.    To discuss and review other issues as the Court deems appropriate.

12. Attendance at the Fairness Hearing is not necessary. Virginia Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Virginia Class Members wishing to be heard, however, are required to indicate in their written objection whether or not they intend to appear at the Fairness Hearing. The Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Virginia Class Members.

13. Submissions by the Parties, including memoranda in support of the proposed settlement, responses to any objections shall be filed with the Court no later than 7 days prior to the Fairness Hearing. Petitions for attorneys' fees and reimbursement of costs and expenses shall be filed by Class Counsel as directed by the Court or pursuant to Rule 54(d)(2).

14. The Agreement and this order shall be null and void if any of the following occur:

    A. The Agreement is terminated by any of the Parties, or any specified condition to the settlement set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

    B. The Court rejects, in any material respect, the Final Order and Judgment substantially in the form and content attached to the Agreement and/or the Parties fail to consent to the entry of another form of order in lieu thereof;

    C. The Court rejects any component of the Agreement, including any amendment thereto approved by the Parties; or

    D. The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

15. If the Agreement and/or this order are voided per ¶s 23-24 of this order, then the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

16. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

IT IS SO ORDERED.

DATED: _____          _____
                                THE HONORABLE LIAM O'GRADY
                                UNITED STATES DISTRICT COURT JUDGE