**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| CAROLYN DYKES,<br>individually and on behalf of<br>all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>GATESTONE & CO. INTERNATIONAL INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case Number:<br>     18-CV-154-LO-MSN |

### FINAL ORDER AND JUDGMENT

On February 12, 2018, Plaintiff, Carolyn Dykes (hereinafter referred to as "Plaintiff"), filed the above-captioned class action lawsuit (hereinafter referred to as the "Lawsuit") against defendant, Gatestone & Co. International Inc. (hereinafter referred to as "Gatestone"). Plaintiff asserted class claims against Gatestone under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*

Gatestone denies any and all liability alleged in the Lawsuit.

On or about September 21, 2018, after extensive arms-length negotiations and discovery, Plaintiff (hereinafter referred to as "Plaintiff" or "Class Representative") and Gatestone (hereinafter jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On October 5, 2018, the Parties filed the Agreement, along with their Motion for Class Certification and Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, on October 8, 2018, Gatestone served written notice of the proposed class settlement on the appropriate federal and state officials.

On October 23, 2018, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Virginia Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff, Carolyn Dykes as the Class Representative; (iv) appointed Thomas R. Breeden and Brian L. Bromberg as Class Counsel; and (v) set the date and time of the Fairness Hearing.

On January 18, 2019, Plaintiff filed her Memorandum in Support of Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion").

On February 8, 2019, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable,

adequate, and in the best interests of the Virginia Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Final Approval Motion, and record.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

2.    The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

3.    CLASS MEMBERS – Under Fed. R. Civ. P. 23 (b)(3), the Lawsuit is hereby finally certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Virginia Class Members") with respect to the claims asserted in the Lawsuit:

> All consumers in the Commonwealth of Virginia to whom Gatestone & Co. International Inc. mailed a letter in a form materially identical or substantially similar to the letter sent to the Plaintiff, as attached to the Complaint as Exhibit A, from February 27, 2017 to August 30, 2018, and which was not returned by the postal service as undeliverable.

4.    CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT – Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff, Carolyn Dykes, as

the Class Representative, and Thomas R. Breeden of THOMAS R. BREEDEN, P.C., attorney and Brian L. Bromberg of BROMBERG LAW OFFICE, P.C., as Class Counsel.

5. NOTICES – Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed to the Virginia Class Members. The form and method for notifying the Virginia Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process and constituted the best notice practicable under the circumstances. The Court finds that the proposed notices were clearly designed to advise the Virginia Class Members of their rights.

6. FINAL CLASS CERTIFICATION – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A. The Virginia Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the Virginia Class Members, which predominate over any individual questions;

C. The claims of the Plaintiff are typical of the claims of the Virginia Class Members;

D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all the Virginia Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is

4

superior to other available methods for a fair and efficient adjudication of this controversy.

7.      The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Virginia Class Members, especially in light of the benefits to the Virginia Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the class.

8.      <u>SETTLEMENT TERMS</u> – The Agreement, which is attached hereto as **Exhibit A** and shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The Parties are hereby directed to perform the terms of the Agreement.

9.      <u>OBJECTIONS AND EXCLUSIONS</u> – The Virginia Class Members were given an opportunity to object to the settlement. No Virginia Class Member objected to or requested exclusion from the settlement.

10.     This order is binding on all Virginia Class Members.

11.     <u>RELEASE OF CLAIMS</u> – The Class Representative, Virginia Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims, except claims for attorney's fees, costs, and expenses, against any

of the Released Parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the Released Claims, except claims for attorney's fees, costs, and expenses, are compromised, settled, released, and discharged, by virtue of these proceedings and this order. The Parties agree, and the Court acknowledges, the Agreement and Release of Claims has no effect whatsoever on any potential Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq.*, claims the putative class members may have against Gatestone. Furthermore, nothing contained herein shall impair or limit any right or cause of action by the class members to dispute the underlying debt or amount allegedly owed to Gatestone Credit Corporation or its clients.

12.     This order is not, and shall not be construed as, an admission by Gatestone of any liability or wrongdoing in this or in any other proceeding.

13.     The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, and expenses to Class Counsel.

14.     The Court finds that Plaintiff is the successful party, and the prevailing party under 15 U.S.C. § 1692k, and as such, is entitled to an award of reasonable attorneys' fees, costs, and expenses.

15.     Attorneys' Fees. After reviewing Class Counsel's declarations for fees submitted to the Court, considering the parties' agreement, and finding the amount fair, adequate and reasonable under the circumstances, the Court awards to Class

Counsel, attorneys' fees, costs, and expenses in the amount of $ 25,000 ⁵⁰.

16.   The Court approves the *cy pres* award and any funds from settlement checks un-

cashed (i.e., checks not cashed within 90 days of the date on which they were mailed to Class

Members) or other undistributed funds shall be awarded to the Northern Virginia Pro Bono Law

Center as the *cy pres* recipient.

17.   Defendant is paying attorneys' fees, costs, and expenses in addition to the

$37,100 being paid to the class and the $4,000 being paid to Carolyn Dykes.

18.   Defendant is paying attorneys' fees, costs, and expenses in addition to the

$37,100 being paid to the class and the $4,000 being paid to Carolyn Dykes.

19.   Entry of Judgment. There being no just reason to delay entry of this

Judgment, the Clerk of the Court is ordered to enter this Judgment forthwith.

IT IS SO ORDERED.

DATED: Feb 8, 2019    _____

THE HONORABLE LIAM O'GRADY
UNITED STATES DISTRICT COURT JUDGE